DIXON, Judge.
This damage suit arose when plaintiff’s minor son pulled out from a parking place on the Greenwood Road and was struck by an automobile operated by Mrs. Patricia T. Daniel. The trial court found for the defendants.
This case is purely factual. Both vehicles involved were headed in a westerly direction. Plaintiff contends that Mrs. Daniel’s automobile was being operated at a high rate of speed, which caused the accident. Plaintiff’s son had parked in front of the Pioneer barbecue stand on the Greenwood Road; returning to his Volkswagen automobile with some sandwiches, he proceeded, as he put it, to pull “out into the line of traffic.” He said he did not see any traffic within a reasonable distance that would have affected him. Mrs. Daniel’s automobile left 112 feet of skid marks before the impact. Her car continued in a westerly direction after the impact and came to rest 81 feet 7 inches down the street. The point of impact was 14 feet from the northerly curb; the left side of the Volkswagen and the right front of Mrs. Daniel’s automobile were damaged.
There was some confusion in the testimony about the measurement of certain skid marks, and plaintiff, in brief and on argument, contended that the defendant’s automobile skidded over 190 feet. A fair appraisal of the testimony leads to a contrary conclusion; there were 112 feet of skid marks leading up to the point of impact, but the skid marks did not continue to the point where the defendant’s automobile came to rest.
There is no other evidence in the record to indicate that the defendant was driving faster than the legal speed limit. The record is convincing that the proximate cause of the accident was the negligence of the plaintiff in leaving the curb without observing Mrs. Daniel’s approach.
Therefore, the judgment of the District Court should be affirmed at appellant’s cost.